UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JESSICA GALLOWAY,

        Plaintiff,                             Hon. Robert J. Jonker

v.                                           Case No. 1:18-cv-1338

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive.  Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Secretary of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Secretary of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Secretary of Department of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Secretary of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard

presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## BACKGROUND

Plaintiff was 28 years of age on her alleged disability onset date. (Op., PageID.68). She successfully completed high school and worked previously as a cashier-checker. (*Id*, PageID.68). Plaintiff applied for benefits on September 9, 2015, alleging that she had been disabled since October 1, 2013, due to: (1) torn disc, annular tear; (2) back injury; (3) sciatica; (4) interstitial cystitis; (5) bipolar II disorder; (6) asthma; (7) depression; (8) post-traumatic stress disorder; (9) severe allergies; (10) insomnia; (11) irritable bowel syndrome (IBS); (12) attention deficit hyperactivity disorder (ADHD); (13) arthritis; (14) anxiety; (15) fatigue; (16) facet joint pain; (17) hypoglycemia; and (18) piriformis syndrome. (ECF No. 7-2, 7-6, 7-7, PageID.57, 331-40, 356).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 7-4, 7-5, PageID.195-329). Following an administrative hearing, ALJ Douglas Johnson, in an opinion dated April 16, 2018, determined that Plaintiff was not disabled. (ECF No. 7-2, PageID.57-

70, 76-123). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (*Id.*, PageID.28-33). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders. She can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146

n.5 (1987); *Walters v. Commissioner of Social Security*, 127 F.3d 525, 528 (6th Cir. 1997).

The ALJ determined that Plaintiff suffers from the following severe impairments: (1) degenerative disc disease; (2) interstitial cystitis; (3) obesity; (4) bipolar disorder; (5) major depressive disorder; (6) post-traumatic stress disorder; and (7) attention deficit hyperactivity disorder (ADHD). These impairments, whether considered alone or in combination with other impairments, failed to satisfy the requirements of any listed impairment in 20 C.F.R., Part 404, Subpart P, Appendix 1.[1] (Op., 4-6, PageID.60-62).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift/carry twenty pounds occasionally and ten pounds frequently; (2) during an eight-hour workday, she can stand/walk for four hours, although not all at one time, and sit for six hours; (3) she can occasionally stoop, kneel, crouch, crawl, and climb ramps/stairs; (4) she can perform simple, routine tasks involving no more than simple, short instructions and make simple work-related decisions with few workplace changes; (5) she cannot have more than occasional interaction with supervisors, co-workers; and (6) she can have no interaction with the public. (*Id*., PageID.62).

---

[1] The ALJ examined in great detail the medical evidence of record. (Op., 6-9, PageID.62-65). The ALJ's discussion of the record is incorporated by reference herein unless expressly indicated otherwise.

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, her limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform *specific* jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added).

This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, her limitations notwithstanding. Such was the case here, as the ALJ questioned a vocational expert. The vocational expert testified that there existed approximately 275,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (*Id.*, PageID.113-15). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have

deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## The ALJ Properly Evaluated the Opinion Evidence.

A.   Dr. Jahandar Saifollahi

On September 26, 2016, Plaintiff's treating psychiatrist, Dr. Saifollahi, completed a fill-in-the-blank form report concerning Plaintiff's "ability to do mental work-related activities." (ECF No. 7-14, PageID.849-51).[2] The ALJ afforded "little weight" to this assessment. (Op., 10-11, PageID.66-67). Plaintiff argues that she is entitled to relief on the ground that the ALJ "improperly weighed" Dr. Saifollahi's opinion.

The treating physician doctrine recognizes that medical professionals who have a long history of caring for a claimant and her maladies generally possess significant insight into her medical condition. *See Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). An ALJ must, therefore, give controlling weight to the opinion of a treating source if: (1) the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and (2) the opinion "is not inconsistent with the other substantial evidence in the case record." *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 375-76 (6th Cir. 2013) (quoting 20 C.F.R. § 404.1527).

---

[2] In her brief, Plaintiff mistakenly cites to a similar form completed by a different care provider in 2013.

Such deference is appropriate, however, only where the particular opinion "is based upon sufficient medical data." *Miller v. Secretary of Health and Human Services*, 1991 WL 229979 at *2 (6th Cir., Nov. 7, 1991) (citation omitted). The ALJ may reject the opinion of a treating physician where it is unsupported by the medical record, merely states a conclusion, or is contradicted by substantial medical evidence. *See Cohen*, 964 F.2d at 528; *Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286-87 (6th Cir. 1994).

If an ALJ accords less than controlling weight to a treating source's opinion, the ALJ must "give good reasons" for doing so. *Gayheart*, 710 F.3d at 376. Such reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." This requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Ibid.* (citation omitted). Simply stating that the physician's opinions "are not well-supported by any objective findings and are inconsistent with other credible evidence" is, without more, too "ambiguous" to permit meaningful review of the ALJ's assessment. *Id.* at 376-77.

If the ALJ affords less than controlling weight to a treating physician's opinion, the ALJ must still determine the weight to be afforded such. *Id.* at 376. In doing so, the ALJ must consider the following factors: (1) length of the treatment

relationship and frequency of the examination, (2) nature and extent of the treatment relationship, (3) supportability of the opinion, (4) consistency of the opinion with the record as a whole, (5) the specialization of the treating source, and (6) other relevant factors. *Ibid.* (citing 20 C.F.R. § 404.1527). While the ALJ is not required to explicitly discuss each of these factors, the record must nevertheless reflect that the ALJ considered those factors relevant to his assessment. *See, e.g., Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007); *Undheim v. Barnhart*, 214 Fed. Appx. 448, 450 (5th Cir., Jan. 19, 2007).

The form that Dr. Saifollahi completed assessed Plaintiff's limitations in 18 separate categories encompassing: (1) making occupational adjustments; (2) making performance adjustments; (3) making personal/social adjustments; and (4) functional limitations. (PageID.849-50). Plaintiff's limitations were characterized as "marked" in three categories, "moderate" in twelve categories, and "mild" in three categories. (*Id.*). The doctor also reported that Plaintiff experienced three episodes of decompensation, each of extended duration. (ECF No. 7-14, PageID.850). The doctor did not offer any insight into his responses or identify any medical records supporting his observations.

In support of his decision to discount Dr. Saifollahi's opinion, the ALJ concluded as follows:

> Dr. Saifollahi does not provide a rational for any moderate to marked limitations stated within the opinion. Rather, Dr. Saifollahi merely checked boxes on a form and in the remarks section indicated some symptoms including depression, mood swings, paranoia, hearing voices,

>> racing thoughts, and panic attacks (Exhibit B13F/3). Dr. Saifollahi does not indicate when these symptoms have occurred, what mental status examinations support the limitations, and whether the claimant has symptoms despite consistent use of medications. The undersigned notes Dr. Saifollahi completed this form in September 2016, when the claimant was not engaged in outpatient treatment. She had voluntarily admitted herself in June 2016, but upon discharge did not seek additional treatment until January 2017. The overall conservative treatment does not support the assessed marked limitations in Dr. Saifollahi's opinion. The undersigned further notes Dr. Saifollahi evaluated the evidence under the old legal "B criteria" and indicated three episodes of decompensation but failed to address when they occurred, how the claimant was treated, and what the outcome was. Accordingly, the undersigned assigns little weight to Dr. Saifollahi's opinion.

(Op., 10-11, PageID.66-67).

Plaintiff's argument is rejected for three reasons. First, the form that Dr. Saifollahi completed does not constitute a medical opinion to which any deference is accorded. *See* 20 C.F.R. §§ 404.1527(a)(2); 416.927(a)(2) (a medical opinion is defined as "statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"); *Pelak v. Commissioner of Social Security*, 2016 WL 6694477 at *7 (W.D. Mich., Nov. 15, 2016) ("ALJs are not bound by conclusory statements of doctors, particularly where they appear on 'check-box forms' and are unsupported by explanations citing detailed objective criteria and documentation"); *Birgy v. Commissioner of Social Security*, 2017 WL 4081528 at *5 (W.D. Mich., Sept. 15, 2017) (same). Second, even if Dr. Saifollahi's selections on the

check-box form do constitute "medical opinions," such do not articulate any functional limitations that are inconsistent with the ALJ's RFC finding.

Finally, and as the ALJ indicated, Dr. Saifollahi's opinion is not supported by the medical record. While the Court recognizes that Plaintiff suffers from severe emotional impairments, such are adequately accounted for in the ALJ's RFC finding. Plaintiff's treatment records do not support Dr. Saifollahi's "opinions," but instead indicate that with appropriate treatment and medication, Plaintiff can function consistent with the ALJ's RFC. (ECF No. 7-8, 7-13, 7-17, PageID.422-48, 716-821, 832-44, 979-95).

Because the ALJ articulated sufficient reasons, supported by substantial evidence, to discount the contents of the check-box form which Dr. Saifollahi completed, this argument is rejected.

B. Maura Clark, Ph.D.

Dr. Clark, a consulting psychologist, reviewed Plaintiff's application for disability benefits and concluded that Plaintiff retained the ability to (1) understand, remember, and carry out simple instructions; (2) make judgments commensurate with unskilled work; (3) respond appropriately to brief supervision and interactions with co-workers; and (4) deal with changes in a routine work setting. (ECF No. 7-2, 7-4, PageID.66, 207-10). The ALJ assigned great weight to Dr. Clark's opinions. (*Id.*, PageID.66). Plaintiff argues that she is entitled to relief on the ground that the ALJ afforded too much weight to Dr. Clark's conclusions.

In support of his decision to afford significant weight to Dr. Clark's opinions, the ALJ observed:

> The undersigned agrees and assigns great weight to Dr. Clark's opinion as it is consistent with the medical evidence and the record as a whole supporting the claimant's symptoms have remained moderate in nature with conservative treatment. The claimant has sporadically engaged in outpatient counseling, but was noted to be doing well following her June 2016 inpatient psychiatric treatment with no treatment for approximately six months. Notably, the claimant's June 2016 inpatient treatment was related to stress stemming from housing issues, and her father being ill. She improved with medications. The claimant's mental status examinations from July 2017 through January 2018 have remained stable with moderate symptoms and no delusions or hallucinations noted. Since June 2016, the claimant has not required emergent crisis mental health treatment or inpatient psychiatric care.

(Op., PageID.66).

As the ALJ discussed in his opinion, the medical record supports the ALJ's conclusion that with appropriate treatment and medication, Plaintiff can function consistent with her RFC. Plaintiff's argument for relief amounts to little more than an invitation by the Court to re-weigh the evidence which it is not permitted to do. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

Dated: August 12, 2019  /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. ꟼ 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a forfeiture of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Berksire v. Beauvais*, 928 F.3d 520, 530-31 (6th Cir. 2019); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).